## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL REID on Behalf of Himself and on Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>ASSET PROTECTION & SECURITY SERVICES, L.P., and AHTNA SUPPORT AND TRAINING SERVICES, LLC<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. : 1:18-cv-89<br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS
## ACTION COMPLAINT & JURY DEMAND

### SUMMARY OF SUIT

1. This Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., case implicates the longstanding pay policies of Asset Protection & Security Services, L.P., ("Asset") and Ahtna Support and Training Services, LLC ("Ahtna") which fail to properly compensate their non-exempt employees for all the work they performed.

2. Employers are not required to pay employees for meal periods if the meal period is *completely uninterrupted*. However, Defendants automatically deducted thirty minutes from each shift worked by their employees, regardless of whether the employee actually took the meal break, or attempted to take a meal break but was continuously interrupted due to the demands of the job. As such, Defendants denied wages for on-duty meal periods under an illegal pay policy and practice. Under this policy, non-exempt employees were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods.

3. Defendants further violated the FLSA by failing to include all remuneration paid to their employees when calculating their regular rate for purposes of overtime.

4.      Plaintiff Michael Reid is similarly situated to the following classes of employees:

**FLSA Class:**

> **Guards employed by Asset Protection & Security Services, L.P. and/or Ahtna Support and Training Services, LLC at any time during the three-year period prior to filing this complaint to the present, who were subject to an automatic deduction of their meal-break times and who were either interrupted or were subject to interruptions during a substantial number of their meal breaks.**

**Rule 23 Class:**

> **Guards employed by Asset Protection & Security Services, L.P.  and/or Ahtna Support and Training Services, LLC at any time during the four years before this Complaint was filed to the present, who were subject to an automatic deduction of their meal-break times, and who performed work for Asset Protection & Security Services, L.P. and/or Ahtna Support and Training Services, LLC during some of their meal periods without pay, in weeks where the total time worked was forty hours or less.**

Defendants violated the FLSA and state law by knowingly and willfully permitting Plaintiff and Class Members to perform work and/or remain on duty during their meal breaks but subjecting them to an automatic 30-minute meal break deduction from their wages.  Defendants had notice that Plaintiff and Class Members expected to be paid for their work on an hourly basis.  Defendants received the value of Plaintiff's and Class Members' work during the automatically deducted 30-minute meal periods without compensating them for their services. Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and Class Members compensation for work performed.

5.      Defendants' conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid at one and one half their regular rate of pay for all hours worked in excess of forty within a single week.  *See* 29 U.S.C. § 207(a).

6.      Defendants' conduct violates state law because Defendant and Plaintiff had an enforceable agreement whereby Plaintiff agreed to perform work for Defendants, and in return Defendants were to pay Plaintiff and Class Members at an agreed hourly rate for all time in which

they performed compensable work.  Even if no enforceable agreement exists, Defendants received and accepted valuable services from Plaintiff and Class Members with notice that they expected to be paid hourly for these services, yet Defendants failed to pay Plaintiff and Class Members for services performed on Defendants' behalf during the automatically-deducted meal periods.

7.      Therefore, Plaintiff files this action to recover on behalf of himself and Class Members all unpaid wages and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which the Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and Class Members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*  This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.  In particular, Plaintiff worked for Defendant at the Port Isabel Detention Center in Cameron County, Texas.

## PARTIES AND PERSONAL JURISDICTION

10.      Plaintiff Michael Reid is an individual residing in Cameron County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

11.      Defendant Asset Protection & Security Services, L.P. is a domestic for profit limited partnership that may be served process through its registered agent Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.

12.     Defendant Ahtna Support & Training Services, LLC is a foreign for profit limited liability corporation which was organized in the state of Alaska.  Ahtna Support & Training Services, LLC may be served process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Ste. 620 Austin, TX 78701.

13.     Class Members are all of Defendant's current and former hourly employees meeting the definitions in paragraph 4 above.

## FLSA COVERAGE

14.      At all material times, Defendants have been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

15.      At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

16.     Plaintiff and Class Members are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

17.     Asset and Ahtna are joint employers under the FLSA.

18.     In 2014 Asset and Ahtna paired together to obtain a successor federal contract at the Port Isabel Detention Center.  This contract is in place until 2021.

19.     Asset and Ahtna are joint employers of Plaintiff and Class Members.

20.     Both Asset and Ahtna agreed to allocate responsibility for and/or co-determine the essential terms and conditions of the Plaintiff and Class Members' employment.

21.     Asset and Ahtna share the power to direct, control, and/or supervise the Plaintiff and Class Members.

22.     Asset and Ahtna entered into a contract to jointly oversee the staffing of prison guards at the Port Isabel Detention Center in Cameron County, Texas for a period of years from 2014 until 2021.

23.     Asset and Ahtna both have the power to hire, fire, or modify the terms or conditions of the Plaintiff and Class Members' employment.  Asset and Ahtna have jointly entered into collective bargaining agreements with Plaintiff and Class Members.

24.     Asset and Ahtna have financial interest in the staffing of guards at Port Isabel Detention Center in Cameron County, Texas.

25.     Asset and Ahtna share responsibility over the handling payroll, providing workers' compensation insurance, paying payroll taxes, and providing uniforms to Plaintiff and Class Members.

26.     "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex. 2012). *See also*, 29 U.S.C. § 207(a)(1). *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) ("*Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

27.     With regard to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars."  *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 n.2 (E.D. Tex. 2011) (citing 29 U.S.C. § 203(s)(1)(A)).

28.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

5

29.     Here, Defendants have had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

30.     Further, Defendants themselves are engaged in interstate commerce since they orders supplies across state lines, conducts business deals with merchants across state lines, and processes customers' bills with banks in other states.

31.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

32.     Defendant Asset Protection & Security Services, L.P. and Defendant Ahtna Support and Training Services, LLC provide security guards for various prisons and detention facilities across the country.

33.     Plaintiff Reid worked for Defendants as a security guard at the Port Isabel Detention Center in Cameron County, Texas.

34.     Plaintiff began working for Defendants in September of 2009 and is currently still employed as a guard.

35.     As a guard, Plaintiff's primary duties involved overseeing detainees and transporting detainees.

36.     During the last four years, Defendants have had a payroll policy of automatically deducting thirty minutes to one hour per shift worked for a so-called meal break for their hourly-paid guards.

37.     This policy applies to all hourly-paid, non-exempt security guard employees.

38.     Under Defendants' policy, Defendants instruct their employees to clock in at the beginning and end of their shifts; however, Defendants require their employees to clock out for one thirty-minute break during their shifts, nominally for a lunch break.

39.     However, this thirty-minute break is not a true break because Defendants' guards are not fully relieved of their duties during the break.  For example, Defendants require their guards to take their radios with them on a break and respond to any emergencies that may arise during those breaks.

40.     Furthermore, Defendants does not allow their guards to take an actual thirty-minute meal break.

41.     Until approximately May of 2017, the detention center where Plaintiff worked did not even have a designated break room.  As such, Defendants required that Plaintiff and his fellow guards take the designated thirty-minute meal break in the parking lot, going so far as to not permit the guards to bring food into the facility.  As a result of this policy, the guards were required to walk a ten minutes from their posts, have a ten minute meal break in their cars, then walk ten minutes back to work.

42.     Furthermore, the work of a guard frequently requires work off the site of the detention facility monitoring detainees.

43.     For instance, Defendants frequently required Plaintiff to accompany detainees to a local hospital.  However, when Plaintiff was at the hospital, he was not permitted to take a meal break at all because Defendants required that he stay with the detainee at all times.  When watching a detainee at the hospital, Defendants still deducted 30 minutes from his pay even though he was not permitted to take a break.

44.     Other guards performing similar duties as Plaintiff off the site of the detention facility were similarly deducted a meal break even when Defendants did not permit them to take a break.

45.     Defendants further violated the FLSA by failing to include various payments, such as a health and wellness payment, into class members' regular rates for the purposes of calculating overtime.  In so doing, Defendants paid overtime at an artificially low regular rate.

46.     Plaintiff and Class Members performed their jobs under Defendants' supervision, and using materials and technology approved and supplied by Defendants.

47.     Plaintiff and FLSA/Rule 23 Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

48.     At the end of each pay period, Plaintiff and Class Members received wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

49.     Defendants paid Plaintiff an hourly rate.

50.     Defendants paid FLSA and Rule 23 Class Members an hourly rate.

51.     Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

52.     Each Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

53.     When Plaintiff and Class Members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate for meal periods. These unpaid meal periods constitute compensable time under the FLSA because (1) Plaintiff was not completely relieved from his duties, (2) he was interrupted or subject to interruptions with work duties during meal periods, (3) he entirely skipped the meal period due to work demands, or (4) he was not allocated enough time to actually take a meal break.

54.     When Plaintiff and Class Members worked fewer than forty hours in a workweek, Defendants did not pay them their agreed hourly rate for automatically-deducted meal break times

during which Plaintiff and Class Members performed work duties. Throughout the relevant period, Defendants expected and required Plaintiff and Class Members to be available to work during their unpaid meal breaks.  These unpaid meal break times constitute compensable time under the state law because (1) Defendants breached an agreement with Plaintiff and Rule 23 Class Members by not paying them the agreed hourly rate for all hours worked, or (2) Defendants received and accepted the value of Plaintiff's and Class Members' unpaid work with reasonable notice that Plaintiff and Class Members expected to be paid for all hours worked, or (3) Defendants have been unjustly enriched by receiving the benefit of Plaintiff's unpaid work.

55.     Defendants have employed at least 40 people meeting the definition of FLSA and Rule 23 Class Members in this Complaint during the three year period before this lawsuit was filed.

56.     Defendants have employed at least 80 people meeting the definition of FLSA and Rule 23 Class Members in this Complaint during the three year period before this lawsuit was filed.

57.     Defendants have employed at least 150 people meeting the definition of FLSA and Rule 23 Class Members in this Complaint during the three year period before this lawsuit was filed.

58.     Defendants classified Plaintiff as non-exempt from overtime pay.

59.     Defendants classifies all FLSA and Rule 23 Class Members as defined in this Complaint as non-exempt from overtime pay.

60.     Defendants' method of paying Plaintiff and Class Members was willful, and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who were, are, or will be employed by Defendants as non-exempt, hourly guards, or in substantially similar positions, within three (3) years from the commencement of this action.  Defendants have not compensated these employees for the unpaid meal breaks as described above.

62.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because their claims are similar to the claims possessed by Class Members.

63.     Plaintiff has actual knowledge that Class Members have been denied compensation for time worked, including automatic deductions for meal breaks worked or interrupted.   In addition, Plaintiff has actual knowledge that Class Members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Defendants.

64.     Plaintiff is similarly situated to Class Members.   Like Plaintiff, Defendants subjected Class Members to their common practice, policy, or plan of refusing to pay overtime for all work performed, in clear violation of the FLSA.

65.     Other employees similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands.

66.     Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) for meal breaks that were interrupted due to work demands.

67.     Class Members perform or have performed the same or similar work as Plaintiff.

68.     Class Members regularly work or have worked in excess of forty hours during a workweek.

69.      Class Members are not exempt from receiving overtime compensation under the FLSA.

70.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Class Members.

71.     Although Plaintiff and Class Members may have different job titles and/or work in different locations, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

a.  Defendants maintained common scheduling systems and policies with respect to Plaintiff and Class Members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Class Members;

b.  Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Class Members;

c.  Defendants maintained common payroll systems and policies with respect to Plaintiff and Class Members, controlled the payroll systems and policies applied to Plaintiff and Class Members and set the pay rate assigned to Plaintiff and Class Members; and

d. Defendants controlled the meal break work policies and practices at issue in the litigation and had the ability to deprive Plaintiff and Class Members of wages owed for meal break work they performed.

72. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

73. Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted or missed meal breaks.

74. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated, summed, and allocated based on a simple formula.

75. Plaintiff's and Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members. Defendants had a plan, policy or practice of not paying Plaintiff and Class Members for interrupted or missed meal breaks.

76. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **Guards employed by Asset Protection & Security Services, L.P. and/or Ahtna Support and Training Services, LLC at any time during the three-year period prior to filing this complaint to the present, who were subject to an automatic deduction of their meal-break times and who were either interrupted or were subject to interruptions during a substantial number of their meal breaks.**

77. Plaintiff estimate that the Class, including both current and former employees over the relevant period, will include more than 50 people. The precise number of Class Members should be readily available from Defendants' personnel, scheduling, time and payroll records, and

from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).  The names and addresses of the Class Members of the collective action are discoverable from Defendants.  Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

**COUNT ONE:  VIOLATION OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION FOR MEAL BREAKS WORKED**
**(COLLECTIVE ACTION)**

78.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

79.     Plaintiff and Class Members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

80.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

81.     Throughout the relevant period, Defendants expected and required Plaintiff and Class Members to be available to work during their promised meal breaks.

82.     Plaintiff and Class Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

83.     Defendants violated and continue to violate the FLSA when they fail to pay Plaintiff and Class Members under 29 U.S.C. § 207 as non-exempt employees.  Because of these violations, Plaintiff and Class Members have suffered a wage loss.

84.     Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the

FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## STATE LAW CLASS ACTION ALLEGATIONS

85.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

86.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursue state-law claims for breach of contract, quantum meruit, money had and received, and unjust enrichment against Defendants.

87.     Plaintiff seeks certification of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> **Guards employed by Asset Protection & Security Services, L.P.  and/or Ahtna Support and Training Services, LLC at any time during the four years before this Complaint was filed to the present, who were subject to an automatic deduction of their meal-break times, and who performed work for Asset Protection & Security Services, L.P. and/or Ahtna Support and Training Services, LLC during some of their meal periods without pay, in weeks where the total time worked was forty hours or less.**

88.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendants' practice of automatically deducting meal break times, thereby requiring unpaid work and failing to pay Plaintiff and other similarly situated employees their agreed rate of pay or the reasonable value of the services they rendered for all hours worked in non-overtime workweeks (weeks where the total number of hours worked was 40 hours or less).  By definition this period excludes weeks where FLSA applies due to more than 40 hours total being worked.

89.     Throughout the relevant period, whether through an agreement, handbook, and/or policy concerning the provision of meal breaks, Defendants promised to provide Plaintiff and Class Members with one paid meal break per shift.

90.     Throughout the relevant period, Defendants routinely knowingly allowed Plaintiff and Class Members to perform work during unpaid meal breaks.

91.     Throughout the relevant period, Defendants knew that Plaintiff and Class Members regularly performed work during meal breaks because Defendants' agents regularly encouraged, instructed, suffered and permitted Plaintiff and Class Members to perform this work and observed this work being performed on a regular basis.

92.     Throughout the relevant period, Defendants knew that Plaintiff and Class Members, regardless of their job title or location, regularly performed meal break work because Plaintiff and Class Members routinely engaged in meal break work on Defendants' premises, in plain sight, and at their managers' request.

93.     As a result, throughout the relevant period, Defendants knew that Plaintiff and Class Members were not being properly compensated for all of their meal break work.

94.     Regardless, during the relevant period, Defendants failed to pay Plaintiff and Class Members for the valuable services provided during their meal breaks or prohibit Plaintiff and the Class Members from performing unpaid meal break work. On the contrary, Defendants specifically authorized work to be done during meal periods and received the benefit of such work.

95.     Defendants maintained common work, time, pay, and meal break policies and procedures at issue during the relevant period.  As a result, Plaintiff and Class Members are similarly situated regardless of their job title or location and have been regularly deprived of pay owed for meal break work they performed in workweeks where Plaintiff and the Class Members worked forty hours or less.

96.     As a result of their improper conduct, Defendants have retained money that they should have paid to Plaintiff and Class Members for meal break work. By retaining this money,

Defendants have received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

97.    Plaintiff's state-law claims against Defendants for breach of contract, quantum meruit, money had and received, and unjust enrichment against Defendants all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

98.    **Numerosity**. The class satisfies the numerosity standard as it is believed to number over 50 class members.  Consequently, joinder of all class members in a single action is impracticable.  The data required to calculate the size of the class is within the sole control of Defendants.

99.    **Commonality**. There are common questions of law and fact common to the class that predominate over any questions affecting individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a.   Whether Defendants had a policy and practice of automatically deducting pay for meal breaks;

   b.   Whether Plaintiff and Class Members performed work during unpaid meal breaks;

   c.   Whether Defendants directed, required, requested, and/or permitted Plaintiff and Class Members to work during unpaid meal breaks;

   d.   Whether Defendants knew or should have known that Plaintiff and Class Members were not compensated for work performed during unpaid meal breaks;

   e.   Whether agreements existed between Plaintiff and Class Members concerning payment for work performed during unpaid meal breaks, and whether Defendants breached such agreements;

16

f.   Whether valuable services were rendered to Defendants by the Plaintiff and Class Members during unpaid meal break times, and whether Defendants accepted the benefit of Plaintiff's and Class Members' unpaid services;

g.   Whether Defendants were unjustly enriched by Plaintiff's and Class Members' unpaid work;

h.   The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

100.   **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective class members.  Like the Class Members, the Plaintiff worked as a guard for Defendants during the relevant time period. Like the Class Members, the Plaintiff was subject to the identical company-wide policy related to the automatic deduction in pay.  The other facts outlined above likewise apply equally to both the Plaintiff and the Class Members.

101.   **Adequacy**. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class members he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by the Plaintiff and the undersigned counsel, who has experience in employment and class action lawsuits.

102.   **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even if the event any member of the Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system.  Individual litigation of 50 or more claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendants. A single class action can

determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT ONE: BREACH OF CONTRACT

103.    Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

104.    A valid and enforceable agreement existed between Plaintiff and Defendants, and Class Members and Defendants, the terms and conditions of which include, but are not limited to, an agreement by Plaintiff and Class Members to perform services for Defendants, and for Defendants to pay Plaintiff and Class Members at an agreed hourly rate for all time in which they performed compensable work.

105.    Plaintiff and Class Members duly performed under the agreement at Defendants' direction and for their benefit.

106.    Defendants failed and refused to perform their obligations under the agreement by automatically deducting meal break periods from hourly wages when Plaintiff and Class Members performed work during such periods, thereby failing to compensate Plaintiff and Class Members for all time worked on behalf of Defendants.

107.    Plaintiff and Class Members are entitled to recover damages from these breaches for the last four years.

108.    Plaintiff and Class Members are entitled to attorney's fees for such breach of contract.

## COUNT TWO: QUANTUM MERUIT

109.    Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.  This claim is plead in the alternative to the breach of contract claim.

110.    Plaintiff and Class Members performed valuable services for Defendants during their unpaid meal break periods.

111.    These services had a reasonable value no less than the agreed hourly rate.

112.    Defendants accepted and retained the benefit of Plaintiff's and Class Members' performance of these valuable services.

113.    No contract exists between Plaintiff and Defendants, and Class Members and Defendants, regarding the provision of services during unpaid meal break periods.

114.    Defendants had reasonable notice and/or knowledge that Plaintiff and Class Members expected to be compensated for services rendered for the Defendants.

115.    Defendants failed to pay Plaintiff and Class Members the reasonable value of the services performed during unpaid meal break periods.

116.    Plaintiff and Class Members are entitled to recover damages under this claim for the last four years.

117.    Plaintiff and Class Members are entitled to attorney's fees and costs under this claim.

## COUNT THREE: MONEY HAD AND RECEIVED

118.    Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

119.    Defendants received money from their customers and their agents for the work performed by the Plaintiff and Class Members during their automatically-deducted meal breaks, while Defendants failed to pay Plaintiff and Class Members for such work.

120.    Defendants hold money that in equity and good conscience belongs to Plaintiff and Class Members due to their failure to pay Plaintiff and Class Members for all hours worked.

## COUNT FOUR: UNJUST ENRICHMENT

19

121.     Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

122.     Defendants has been unjustly enriched at the expense of the Plaintiff and Class Members by failing to pay for work performed by Plaintiff and Class Members during automatically-deducted meal periods.

123.     Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Class Members, despite their policy and practice of failing to pay Plaintiff and Class Members for such work.  In particular, Defendants received the benefit of the labor and services provided to Defendants' customers by the Plaintiff and Class Members.

124.     Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

125.     It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff and Class Members.

## DAMAGES SOUGHT

126.     Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

127.     Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages.  29 U.S.C. § 216(b).

128.     Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

129.     Plaintiff and Rule 23 Class Members are entitled to recover damages flowing from the breach of contract, the reasonable value of the services they provided, all monies held by Defendants that belongs to Plaintiff and Rule 23 Class Members, the value by which Defendants

were unjustly enriched by receiving the unpaid labor, attorneys' fees and costs, pre-judgment and

post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## **JURY DEMAND**

130.    Plaintiff hereby requests trial by jury.

## **PRAYER**

131.    For these reasons, Plaintiff and Class Members respectfully request that judgment

be entered in their favor awarding the following relief:

a.   An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

b.   An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

c.   An order finding that Defendants violated the FLSA;

d.   An order finding that these violations were willful;

e.   All unpaid wages;

f.   An equal amount as liquidated damages as allowed under the FLSA;

g.   Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

h.    Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813