UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL REID on Behalf of Himself, and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:18-cv-89 |
| ASSET PROTECTION & SECURITY SERVICES, L.P., and AHTNA SUPPORT AND TRAINING SERVICES, LLC, | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO APPROVE SETTLEMENT WITH DEFENDANT AHTNA SUPPORT AND TRAINING SERVICES, LLC**

Plaintiff Michael Reid, individually and behalf of all Opt-In plaintiffs (collectively, "Plaintiffs"), files this Motion ("Motion") to respectfully request that the Court approve the Settlement Agreement[1] negotiated with Defendant Ahtna Support and Training Services, LLC ("Ahtna" or "Defendant") and dismiss Ahtna with prejudice from this action. Ahtna does not oppose the relief requested in this Motion. Accordingly, for the reasons set forth below, Plaintiffs request that the Court enter the proposed Order Granting Motion For Approval Of Settlement Agreement And Judgment Dismissing Ahtna Support and Training Services, LLC With Prejudice, which is filed with this motion. The Settlement Agreement executed by the Parties calls for and conditions the settlement of this matter on this agreed upon order and judgment.

**I.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

Ahtna is one of the companies that staffs detention officers to the Port Isabel Detention Facility ("PIDC") in Los Fresnos, Texas under a contract with the Department of Homeland

---

[1] The Settlement Agreement is being filed contemporaneously with this motion under seal.

Security.  Plaintiff Michael Reid filed this lawsuit on June 7, 2018.  Plaintiff is a former detention officer at the PIDC.  During his employment, the PIDC was jointly operated by Defendants Asset Protection & Security Services, L.P. ("Asset") and Ahtna Support and Training Services, LLC ("Ahtna") (collectively "Defendants").  This case centers on the allegation that Defendants failed to pay Plaintiff and their other detention officers for all of their hours worked.  Specifically, Plaintiff alleges that Defendants underpaid him and other detention officers by not paying for pre-shift security screenings and equipment draws, by not treating certain break periods as compensable, and by excluding certain payments from the regular rate of pay when calculating overtime.

Plaintiff moved for conditional certification of this case in February of 2019.  The Parties agreed to mediate the case prior to Defendants responding to that motion.  That first mediation was unsuccessful.  Defendants did ultimately stipulate to conditional certification.  Through the notice process, an additional 146 detention officers joined this case.[2]  As part of the stipulation for certification, the Parties agreed to stay discovery after the close of the notice period to allow for a second chance at mediation after the identities of the detention officers that desired to participate in this matter were known.  While formal discovery has been suspended, Defendants have produced extensive documentation for each Opt-in Plaintiff, including their payroll histories to permit Plaintiff's counsel to perform damage calculations for each participant.

The Parties participated in a second formal mediation before an experienced wage and hour mediator, Eric Galton. During mediation, the Plaintiff and Ahtna reached an agreement in principle wherein they resolved the FLSA claims between them and on behalf of the Putative Class Members.  The claims against Asset remain unresolved. By way of this Motion, Plaintiffs

---

[2] Those individuals are listed on Exhibit A of the Settlement Agreement.

respectfully request that the Court enter the proposed Order Granting Joint Motion For Approval Of Settlement Agreement And Judgment Dismissing Ahtna Support and Training Services, LLC With Prejudice, which is filed with this motion. Defendant does not oppose this relief.

## II.  THE COURT SHOULD APPROVE THE SETTLEMENT OF PLAINTIFF'S FLSA CLAIMS AGAINST AHTNA

This matter is brought pursuant to the FLSA. The Parties have thoroughly investigated Plaintiffs' allegations and Defendant's defenses. The Parties are represented by counsel with significant experience in wage and hour litigation. After years of litigation, negotiations, and two mediations, the Parties resolved this matter with respect to Ahtna and contend the Settlement Agreement before this Court is a fair and reasonable resolution of the pending claims. The Parties' agreement is contained in the Settlement Agreement, which was fully executed by the Parties. The Settlement Agreement involves payments to the Plaintiffs and a payment to Plaintiffs' counsel for attorney's fees and costs. As part of the Settlement Agreement, Plaintiffs agreed to release, among other wage claims, any and all claims they may have pursuant for failure to pay overtime or premium wages pursuant to the FLSA or other state laws against the Defendant relating to events occurring prior to the date of a final judgment in this matter.

### A.     Relevant Legal Standards

The FLSA does not expressly authorize or expressly require district courts to review settlement agreements reached by litigants in pending FLSA cases. *See Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 397 (5th Cir. Sept. 23, 2020); *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)). Indeed, the Fifth Circuit has repeatedly clarified that neither court nor Department of Labor ("DOL") approval is required in a case pending before the court where the private compromise of FLSA claims involves "a bona fide dispute as to the number of hours

worked or compensation due." *Stuntz*, 826 F. App'x at 397; s*ee also Martin*, 688 F.3d at 255. However, out of an abundance of caution, the Parties hereby submit the Settlement Agreement for approval by this Court.

"When a court scrutinizes an FLSA settlement agreement, it must 'determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable.'" *Tharp v. Energes LLC*, No. 5:15-CV-983-DAE, 2018 WL 7286479, at *2 (W.D. Tex. July 16, 2018) (quoting *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 11-242, 2012 WL 161824, at *13 (E.D. La. Jan 18, 2012) (citations omitted)). If the settlement meets the above criteria the court may approve the settlement agreement and enter final judgment. *Id.* (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) ("In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'").

A bona fide dispute exists in this case and the Settlement Agreement is fair and reasonable.

**B.     A Bona Fide Dispute is Present in This Case.**

Plaintiffs assert they were denied overtime wages required under the FLSA. Defendant disputes this claim in its Answer and asserts Plaintiffs have always been properly paid for all hours worked, at the rates required under the FLSA. Plaintiffs contend that they spent minutes per day undergoing security screenings and working through meal breaks, and that Defendant did not compensate them for this time. Defendant maintains that it properly instructed all employees, including Plaintiffs and the Putative Class Members, to accurately record all time worked, and that Defendant compensated employees for all time worked and maintained a process whereby employees could have reported working uncompensated hours. Consequently, there is a bona fide dispute between the Parties as to the number of hours worked or compensation due. *See Rodriguez*

*v. Stage 3 Separation, LLC*, No. 5:14-CV-00603-RP, 2015 WL 12866212, at *2 (W.D. Tex. Dec. 23, 2015).

      **C.**    **The Settlement Agreement is Fair and Reasonable.**

A court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiffs' Counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The Parties engaged in legal research, document review, and data analysis and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiffs' claims and Defendant's defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement.

### 1. *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved through a formal mediation with a skilled FLSA mediator, Eric Galton, and involved multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties took appropriate steps in negotiating the comprehensive Settlement Agreement, which includes payment to Plaintiffs and payment for Plaintiffs' attorneys' fees and expenses. As such, there is no indicia of fraud or collusion.

### 2. *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favors Settlement*

The complexity, expense, and duration of this case were it not to settle at this time are significant factors that all favor settlement. If the Parties had not been able to resolve the claims at issue through compromise, this litigation would continue because the Parties continue to disagree regarding the merits of Plaintiffs' claims and the amount of damages. The Parties would have litigated these claims through trial and possibly appeal. Thus, the Parties will incur substantial additional legal fees and expenses if this case is not settled. Given the complexities of the claims

at issue and the expense and extended duration of continuing litigation, settlement is in the interests of Plaintiffs, Defendant, and judicial economy.

### 3. The Discovery Taken by the Parties Favors Approval of the Settlement

The Parties engaged in an informal document production wherein Defendant provided relevant pay information to Plaintiffs' counsel for the purpose of settlement negotiations. The Parties undertook independent factual investigation of Plaintiffs' claims and analyzed the legal issues at hand. The relevant documents favor approval of the settlement because they highlight the complex issues related to Plaintiffs' disputed claims regarding payment and alleged non-payment of overtime compensation.

### 4. The Uncertainty of this Litigation Favors Settlement

Plaintiffs and Defendant are well aware of the uncertainty associated with litigation. While Plaintiffs are confident in their claims, they also understand that the claims in this case may prove to be unsuccessful, and that collection of any future judgment or award may itself prove problematic. Accordingly, Plaintiffs strongly prefer the certainty of the proposed settlement, payable shortly after Court approval according to the settlement documents, to the risks and costs associated with continued litigation. Likewise, Defendant understands the risk of litigating the claims at issue and, although it is confident in its defenses, prefers the certainty of the proposed settlement to the risks and costs associated with continued litigation.

### 5. The Available Range of Recovery and the Uncertainty of Damages Favor Settlement

Plaintiffs' Counsel and Defendant's Counsel both created multiple detailed damage models analyzing various damage scenarios that they used to meaningfully participate in the negotiation process. The Parties not only disputed whether the time at issue was compensable (i.e., liability), but also how much time was spent on the various tasks in question and thus how much in allegedly

unpaid wages was at stake. To assess the range of recovery possible, it is necessary to make assumptions about the amount of time spent each week on the tasks that were allegedly performed off-the-clock. The ultimate settlement formula does provide each member of the settlement collective with a payment based on the number of pertinent weeks worked. Counsel for Plaintiffs prepared different models, and they submit that the settlement provides meaningful percentage of the unpaid wages that could have been claimed, subject to appropriate discounts for the potential loss.

The risk that Defendant would prevail on its defenses also favors settlement. Defendant's affirmative defenses, that the claimed time is not compensable under the Portal to Portal Act, and that the unpaid time, if any, is de minimis, are substantial defenses that, if successful, would result in zero damages being owed to the Plaintiffs. Additionally, if as Defendant claims, that the time spent by Plaintiffs on their meal breaks was not compensable, Plaintiffs would loss the majority of their calculated damages.

Settlement is equally in Defendant's best interest because the costs of proceeding through trial on the merits are excessive considering the amount of collective damages at issue. Further, should Plaintiffs prevail on their claims, Defendant would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiffs' counsel. Accordingly, the Parties agree that the settlement is in their best interest.

### 6. *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Sosa-Morris Neuman, PLLC have collectively litigated dozens of individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, Plaintiffs' Counsel can confidently report to the Court that this prong is met. After intense settlement negotiations with the assistance of experienced wage and hour mediator, Eric Galton, an arm's

length settlement was reached that, in the view of Plaintiffs' Counsel, affords the Plaintiffs with significant and meaningful financial benefits and provides a certainty for payment.

Further, Defendant agrees that this settlement is in its best interest and seeks approval of the Settlement Agreement.

### III. THE COURT SHOULD APPROVE THE REQUESTED ATTORNEYS' FEES AND INCENTIVE AWARD.

#### A. The Requested Attorneys' Fees and Costs Are Fair and Reasonable

The attorneys' fees and costs are reasonable and fair as well. Plaintiffs' contingency fee arrangement, to which Plaintiffs are bound, provides for the payment of a 40% contingency fee plus costs. A contingency payment in this general range is well within the scope of what courts, including this Court, have approved as reasonable. *See, e.g., Sarabia v. Spitzer Indus., Inc.*, No. 4:17-CV-2092, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018) (recognizing that a 40% contingency fee in an FLSA case was "in line with that approved in other FLSA cases") (citing *Matthews v. Priority Energy Servs., LLC*, No. 6:15-cv-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018); *Daniels v. Prod. Mgmt. Indus.*, LLC, No. 6:15-cv-2567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018); *Legros v. Mud Control Equip. Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13-cv-246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017)); *Wolfe v. Anchor Drilling Fluids USA Inc.*, No. 4:15-CV-1344, 2015 WL 12778393, at *3 (S.D. Tex. Dec. 7, 2015) (approving a 40% contingency fee as reasonable); *Quintanilla v. A & R Demolition Inc.*, No. CIV.A. H04-1965, 2008 WL 9410399, at *10 (S.D. Tex. May 7, 2008) (granting joint motion for approval of settlement and approving 40% contingency fee in an FLSA collective action); *Sandras v. Expeditors & Prod. Serv. Co.*, No. CV 16-0239, 2019 WL 658819, at *3 (W.D. La. Feb. 13, 2019), report and recommendation adopted, No. CV 16-0239, 2019 WL 1446481 (W.D. La. Mar. 29,

2019) (same); *Cormier v. Turnkey Cleaning Servs. LLC*, No. 6:15-CV-2076, 2018 WL 5288824, at *4 (W.D. La. Oct. 22, 2018), report and recommendation adopted, No. 6:15-CV-02076, 2018 WL 5623596 (W.D. La. Oct. 30, 2018) (same); *Barnard v. Intertek USA Inc.*, No. 4:11-cv-02198, ECF No. 184 (S.D. Tex. Jan. 8, 2014) (order granting joint motion for approval of settlement and approving 40% contingency fee in an FLSA collective action).

### B. The Incentive Award is Reasonable

The Settlement Agreement is also fair because it provides for a reasonable incentive award to Named Plaintiffs Michael Reid who participated in filing the Original Collective/Class Action Complaint as well as the First Amended Collective Action Complaint and for serving as the Class Representative. The Settlement Agreement calls for a modest incentive award, which is consistent with sums typically awarded in collective action settlements. *See, e.g., Quintanilla*, 2008 U.S. Dist. LEXIS 37449 at *10 (approving award to named plaintiffs in collective action settlement and noting that"[s]uch awards may be made in class-action lawsuits to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation) (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 U.S. Dist. LEXIS 19172, at *23-24 (E.D. La. Sept. 23, 2004) (approving incentive award of $5,000 to named plaintiffs in FLSA collective action)); *Tennille v. W. Union Co.*, 2013 WL 6920449, at *14 (D. Colo. 2013) (approving incentive award of $7,500). Indeed, the purpose of incentive awards is to compensate plaintiffs for specific expenses and sacrifices. *Silva v. Tegrity Pers. Servs., Inc.*, 986 F. Supp. 2d 826, 838 (S.D. Tex. 2013).

Named Plaintiff has been part of this lawsuit since the filing of the Complaint and was instrumental in identifying the alleged wage violations and building the case. He spent substantial time communicating with Plaintiffs' counsel regarding case developments and assisted counsel in understanding Defendant's business. Named Plaintiff also worked closely with Plaintiffs' Counsel

in managing the settlement process and in reviewing and approving the Settlement Agreement. Without the active Named Plaintiff's participation in this case, the collective action and resulting settlement would have been far less likely. The total settlement fund here easily demonstrates the substantial benefits the Named Plaintiff has brought to the collective action members as a whole and justifies his incentive award.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Settlement Agreement attached hereto be approved and that the Court enter the proposed Order Granting Motion For Approval Of Settlement Agreement And Judgment Dismissing Case Against Ahtna Support and Training Services, LLC With Prejudice, which the Parties will lodge with this motion.

                                  Respectfully submitted,

                                  By: */s/ John Neuman*
                                  Beatriz Sosa-Morris
                                  SOSA-MORRIS NEUMAN
                                  ATTORNEYS AT LAW
                                  BSosaMorris@smnlawfirm.com
                                  Texas State Bar No. 24076154
                                  5612 Chaucer Drive
                                  Houston, Texas 77005
                                  Telephone: (281) 885-8844
                                  Facsimile: (281) 885-8813

                                  LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
                                  CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

## CERTIFICATE OF SERVICE

I certify that on October 28, 2021 I filed the foregoing document through the Southern District of Texas CM/ECF system which will serve a copy on all parties of record via electronic mail.

/s/ John Neuman
John Neuman

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Defendant Ahtna Support and Training Services, LLC regarding this Motion. Defendant AhtnaSTS is unopposed to the relief sought herein.

*/s/ John Neuman*
John Neuman